JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JOHN R. PASSALAQUA

## DEFENDANTS
BRAD ANGELO LANES & MDB SPORTS, INC.

**(b)** County of Residence of First Listed Plaintiff **NIAGARA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **NIAGARA**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
KRESSES-PIASECKI LEGAL
908 Niagara Falls Blvd. Suite 252
North Tonawanda, New York 14120
(716) 693-4792
BRANDON W. PIASECKI, ESQ.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question *(U.S. Government Not a Party)*
☐ 2  U.S. Government Defendant
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA ACT 42 USC SECT. 12181 et seq. SECT. 12101 et seq.; NY STATE EXECUTIVE LAW 296 et seq.
Brief description of cause:
VIOLATION OF THE STATUTE BY FAILING TO PROVIDE FULL & EQUAL SAFE ACCESS

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ INJUNCTIVE RELIEF & REMEDY
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No
ATTORNEYS FEES, COSTS & EXPENSES, COMPENSATORY PROP DAMAGES TO PLAINTIFF

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE  7/2/14
SIGNATURE OF ATTORNEY OF RECORD  *Brandon W. Piasecki*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
WESTERN DISTRICT of NEW YORK

| | |
|---|---|
| JOHN R. PASSALAQUA <br> *Plaintiff(s)* <br> v. <br> BRAD ANGELO LANES & MDB SPORTS, INC. <br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
BRAD ANGELO LANES
6280 South Transit Road
Lockport, New York 14094
MDB SPORTS, INC
C/O BRAD ANGELO
5517 Hallmark Lane, Lockport, New York 14094

   A lawsuit has been filed against you.

   Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

   BRANDON W. PIASECKI
   KRESSES & PIASECKI LEGAL
   908 NIAGARA FALLS BLVD., SUITE 252
   NORTH TONAWANDA, NEW YORK 14120

   If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____    _____
                                   *Signature of Clerk or Deputy Clerk*

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

JOHN R. PASSALAQUA                )
                                  )
                    Plaintiff,    )        Civil Action No. _____
                                  )
v.                                )
                                  )
BRAD ANGELO LANES & MDB SPORTS,   )
INC.                              )
                                  )
                    Defendants.   )
_____/

## COMPLAINT

Plaintiff, JOHN R. PASSALAQUA (hereinafter the "Plaintiff"), by and through his undersigned counsel, hereby files this Complaint and sues Brad Angelo Lanes (hereinafter "BAL") and MDB Sports, Inc. (hereinafter referred to as "MDB Sports"), (hereinafter collectively the "Defendants"), for injunctive relief, attorney's fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181 et seq., , and the New York State Executive Law and allege:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 et. seq., (hereinafter referred to as the "Americans With Disabilities Act" or "ADA"), and the New York State Executive Law § 296 et. seq., (hereinafter referred to as the "New York State Executive Law"). This Court is vested with original jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. The New York State claims are properly before this Court under the Court's supplemental jurisdiction. 28 U.S.C. § 1367.

2. Venue is proper in the Western District of New York pursuant to 28 U.S.C. § 1391(b) in that all events giving rise to this lawsuit occurred in Niagara County, New York.

3. At the time of the Plaintiff's visit to BAL, prior to instituting the instant action, JOHN R. PASSALAQUA (hereinafter referred to as "PASSALAQUA") was a resident of the State of New York, suffered from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, and used a wheelchair for mobility. Mr. Passalaqua has physical impairments resulting from multiple sclerosis (hereinafter referred to "MS"), conditions that inhibit the major life activity of walking and substantially limit him in the exercise of normal bodily functions. Prior to filing this lawsuit, the Plaintiff personally visited BAL, but was denied full and equal access to, and full and equal enjoyment of, the facilities within BAL, which is the subject of this lawsuit.

4. The Defendants, BAL and MDB Sports, are both authorized to conduct, and are conducting business within the State of New York. Upon information and belief, MDB Sports is the lessee and/or operator of the Subject Property, and owner of any and all improvements on the real property where the Subject Property is located. The bowling alley commonly referred to as BAL located at 6280 South Transit Road, Lockport, New York (hereinafter referred to as "BAL" or "Subject Property") also maintains and controls the Subject Property. Upon information and belief, BAL is the owner and lessor of the real property where the Subject Property is located which is the subject of this action.

5. All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the premises are located in Niagara County in the Western District.

**COUNT I - VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

6. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. § 12181: 20 C.F.R. § 36.508(a).

7. Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, MDB Sports is a place of public accommodation in that MDB Sports operates as a bowling alley which provides food, beverages and services to the public.

8. Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, the building and/or Subject Property which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

9. Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at BAL in derogation of 42 U.S.C. § 12101 et. seq. and as prohibited by 42 U.S.C. §12182 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

10. The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all of the accommodations and services offered by BAL. Prior to the filing of this lawsuit, the Plaintiff visited the Subject Property and was denied full and safe access to all of the benefits, accommodations and services of the Defendant, BAL. Prior to the filing of this lawsuit, PASSALAQUA personally visited the Subject Property, but was denied full and safe access to the facilities within BAL due to his mobility impairment and therefore suffered an injury in fact. In addition, Plaintiff continues to desire to visit BAL in the future, but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers which remain at BAL in violation of the ADA.

11. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility

Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

12. The Defendants' Subject Property is in violation of 42 U.S.C. § 12181 et. seq., the ADA, 28 C.F.R. § 36.302 et. seq., the 2010 ADA Standards for Accessible Design, and is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

   i. The entrance, leading into the BAL, is not accessible due to several high steps which Plaintiff cannot get his wheelchair over as required by 2010 Standard § 303.4, or in the alternative, provide an accessible entrance.

   ii. Failure to provide any accessible seating located at the bar/food counter, in violation of the 2010 Standards § 226.1.

   iii. Failure to provide an accessible restroom, in violation of 28 C.F.R. Part 36 and the 2010 Standards § 604. The bathroom is wholly inaccessible.

   iv. Failure to modify the restroom for accessibility, including, failing to:

   a. rearrange door, toilet, walls, and lavatory to increase maneuvering space and proved proper accessibility for the disabled within the restroom.

   b. provide insulation under the lavatory in accordance with 2010 Standard § 606.5.

   c. provide an accessible toilet room configured with a side grab bar as required by the 2010 Standards.

   v. Failure to provide adequate accurate informational signage as required by 2010 Standard § 703.

   vi. Failure to provide appropriate signage addressing people with disabilities telling them that accessible services are provided as required by 2010 Standard § 216.2.

13. Upon information and belief, there are other current violations for the ADA at the Defendants' premises and only once a full inspection is done can all said violations be identified.

14. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

15. Pursuant to the ADA, 42 U.S.C. § 12101 et. seq., and 28 C.F.R. § 36.304, the Defendants were required to make the Subject Property, a place of public accommodation, accessible to persons with disabilities since January 26, 1992. To date, the Defendants have failed to comply with this mandate.

## COUNT II – VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW

16. The New York State Human Rights Law provides:

(a) It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or public accommodation ... because of the ... disability ... of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof ... to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of ... disability ...

NYS Exec. Law § 296 (2)(a).

17. Defendants are in violation of the New York State Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Subject Property.

## ATTORNEY'S FEES AND COSTS

18. The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 17 as if set forth in their entirety here.

19. The Plaintiff has been obligated to retain undersigned counsel for the filing and the prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to the ADA and the New York State Human Rights Law.

## DAMAGES

20. The Plaintiff demands ONE-THOUSAND DOLLARS ($1,000.00), per defendant, in compensatory damages based on the Defendants' violation of the New York State Human Rights Law.

## INJUNCTIVE RELIEF

21. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant the Plaintiff injunctive relief; including an order to alter the Subject Property to make it readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and the New York State Human Rights Law and closing the Subject Property until the requisite modifications are completed.

WHEREFORE, the Plaintiff hereby demands judgment against the Defendants and requests the following relief:

A. The Court declare that the Subject Property and Subject Property owned, operated, leased, controlled, and/or administered by the Defendants is violative of the ADA and the New York State Human Rights Law;

B. The Court enter an Order requiring the Defendants to alter its facilities to make them accessible to and usable by individuals with disabilities to the full

extent required by Title III of the ADA; and requiring the Defendants to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures to the Subject Property;

C. The Court award reasonable attorney's fees, costs, and litigation expenses, and such other and further relief of suit, to the Plaintiff;

D. The Court award compensatory damages to the Plaintiff based on the Defendants' violation of the New York State Human Rights Law;

E. The Court award such other and further relief as it deems just and proper.

Dated: July 2, 2014

RESPECTFULLY SUBMITTED,

LAW OFFICES OF KRESSES-PIASECKI LEGAL

By: /s/ Brandon Piasecki

BRANDON PIASECKI

Law offices of KRESSES-PIASECKI LEGAL

908 Niagara Falls Blvd. Suite 252

North Tonawanda, New York 14120

Tel. No. (716) 693-4792

Fax No. (716) 693-5254

Email: brandon@knpvisa.com

Attorney for Plaintiff

JOHN R. PASSALAQUA